## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**MICHAEL THOMSON,**
**On behalf of himself and all others**
**similarly situated,**

                    **Plaintiff,**

       **v.**

**MARRIOTT INTERNATIONAL, INC. and**
**STARWOOD HOTELS & RESORTS**
**WORLDWIDE, LLC,**

                  **Defendants.**

**Case No. _____**

**DEMAND FOR JURY TRIAL**

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Marriott International, Inc. ("Marriott International") and Starwood Hotels & Resorts Worldwide, LLC ("Starwood") (collectively, "Marriott"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby remove this action from the Circuit Court for Montgomery County to the United States District Court for the District of Maryland.

A true and correct copy of the Complaint is attached as Exhibit A to this Notice. A copy of the Montgomery County Circuit Court case docket as of the date of this filing is attached as Exhibit B to this Notice. The civil cover sheet from the Circuit Court case is Exhibit C to this Notice. A copy of all process, pleadings, and orders filed to date are attached to this Notice as follows: Writ of Summons (Exhibit D), Notice of New Case Number (Exhibit E), Notice of Scheduling Hearing and Order (Exhibit F), Motion for Special Admission of Michael D. Bell (Exhibit G), Motion for Special Admission of Kyle J. McGee (exhibit H), Notice regarding Motion for Special Admissions (Exhibit I), Notice of Pending Events (Exhibit J), and Business and Technology Case Track Assignment (Exhibit K). Defendants will provide written notice of the filing of this Notice to

Plaintiff as Exhibit L and a copy of this Notice will be filed with the Clerk of the Montgomery County Circuit Court. Plaintiff did not consent to the removal of this matter.

The grounds for removal are as follows:

## BACKGROUND

1.      On November 30, 2018, Marriott announced a data security incident involving unauthorized access to the Starwood guest reservation database. On December 12, 2018, Michael Thomson, on his own behalf and on behalf of other customers, filed a putative class action complaint against Defendants in Montgomery County Circuit Court, styled *Thomson v. Marriott International, Inc., et al.*, Case No. 460009V, alleging claims for negligence, breach of express or implied contract, violation of the Maryland Consumer Protection Act, unjust enrichment, breach of state data privacy and notice statutes, and breach of dozens of state consumer protection statutes. (Ex. A, ¶¶ 49-91, 100-116). Plaintiff also seeks a declaratory judgment.  (*Id*., ¶¶ 92-99.)

2.      Plaintiff alleges that he is among the 500 million similarly situated customers who made reservations at Marriott from 2014 to 2018 and whose information may have been exposed as a result of the data breach. (*Id*., ¶¶ 2-3.) He alleges this incident subjected these customers to economic and other damages, including "[m]isappropriation and improper disclosure of their personal and financial information; [u]nauthorized credit card and other charges; [a]ctual or potential fraud and identity theft; [t]he inability to take adequate remedial measures due to Marriott's unreasonable delay in disclosing the Data Breach; [o]ut-of-pocket expenses arising from their remedial efforts; [d]imunition in value of their Personal Information; [l]osses arising from the inability to utilize credit accounts and thus obtain cash-back or other rewards, as well as other damages arising from the inability to use their accounts; and [l]oss of time due to remedial measures taken." (*Id*., ¶ 29.)

3.      Plaintiff seeks relief including injunctive relief, actual damages, costs, including attorneys' fees and expenses, and any other relief the Court "deems just and proper." (*Id.*, ¶ 116.)

4.      The security incident affecting Marriott has resulted in at least 64 federal actions against Marriott in the United States, including: *Perkins v. Marriott International, Inc*., Case No. 1:18-cv-12477 (D. Mass.); *Kim v. Marriott International Services, Inc*., Case No. 2:18-cv-10034 (C.D. Cal.); *Bell v. Marriott International, Inc*., 8:18-cv-03684 (D. Md.); *Sprowl v. Marriott International, Inc*., Case No. 8:18-cv-03691 (D. Md.); *Sundius-Rose v. Marriott International, Inc*., Case No. 8:18-cv-03696 (D. Md.); *Tapling v. Marriott International, Inc.*, Case No. 8:18-cv-03703 (D. Md.); *Walker v. Marriott International, Inc*., Case No. 8:18-cv-03702; *Elliot v. Marriott International, Inc*., Case No. 8:18-cv-03700 (D. Md.); *Weinstein v. Marriott International, Inc*., Case No. 8:18-cv-03704; *Fox v. Marriott International, Inc*., Case No. 1:18-cv-07936 (N.D. Ill.); *Barron v. Marriott International, Inc*., Case No. 8:18-cv-03720 (D. Md.); *Dam v. Marriott International, Inc*., Case No. 8:18-cv-03725 (D. Md.); *Taylor v. Marriott International, Inc*., Case No. 1:18-cv-03724 (D. Md.); *Bernstein v. Marriott International, Inc*., Case No. 8:18-cv-03726 (D. Md.); *Sisbarro v. Marriott International, Inc*., Case No. 8:18-cv-03727 (D. Md.); *Husebo v. Marriott International, Inc*., Case No. 5:18-cv-02545 (C.D. Cal.); *Haque v. Marriott International, Inc*., Case No. 8:18-cv-03736 (D. Md.); *Oakes v. Marriott International, Inc*., Case No. 8:18-cv-3738 (D. Md.); *Trager v. Marriott International, Inc*., Case No. 1:18-cv-03745 (D. Md.); *Raab v. Marriott International, Inc*., Case No. 1:18-cv-08007 (N.D. Ill.); *Kimmel v. Marriott International, Inc*., Case No. 3:18-cv-01983 (D. Conn.); *Dorfman v. Marriott International, Inc*., Case No. 3:18-cv-01982; *Reynolds v. Marriott International, Inc*., Case No. 8:18-cv-03746 (D. Md.); *Grady v. Marriott International, Inc.*, Case No. 3:18-cv-07358 (N.D. Cal.); *Turner v. Marriott International, Inc*., Case No. 8:18-cv-03763 (D. Md.); *King v. Marriott International, Inc*., Case

No. 2:18-cv-10173 (C.D. Cal.); *Erlbaum v. Marriott International, Inc.*, Case No. 8:18-cv-03764 (D. Md.); *Braun v. Marriott International, Inc.*, Case No. 1:18-cv-25136 (S.D. Fla.); *Sciascia v. Marriott International, Inc.*, Case No. 8:18-cv-03773 (D. Md.); *Rapak v. Marriott International, Inc.*, Case No. 3:18-cv-02005 (D. Conn.); *Lavine v. Marriott International, Inc.*, Case No. 8:18-cv-03775 (D. Md.); *Notley v. Marriott International, Inc.*, Case No. 8:18-cv-03776 (D. Md.); *Crabtree v. Marriott International, Inc.*, Case No. 8:18-cv-03779 (D. Md.); *Hiteshew v. Marriott International, Inc.*, Case No. 8:18-cv-03755 (D. Md.); *Nouri v. Marriott International, Inc.*, Case No. 2:18-cv-10234 (C.D. Cal.); *Gamburg v. Marriott*, Case No. 1:18-cv-17060 (D.N.J.); *Walters v. Marriott International, Inc.*, Case No. 18-cv-3804 (D. Md.); *Johnson v. Marriott International, Inc.*, Case No. 18-cv-54883 (D. Ore.); *Lazarus v. Marriott International, Inc.*, Case No. 2:18-cv-05375 (E.D. Pa.); *Bank of Louisiana v. Marriott International, Inc.*, Case No. 8:18-cv-03833 (D. Md.); *Haley v. Marriott International, Inc.*, Case No. 1:18-cv-03834 (D. Md.); *Cervantes v. Marriott International, Inc.*, Case No. 8:18-cv-03835 (D. Md.); *Allen v. Marriott International, Inc.*, Case No. 3:19-cv-02050 (D. Conn.); *Sempre v. Marriott International, Inc.*, Case No. 2:18-cv-10324 (C.D. Cal.); *Maldini v. Marriott International, Inc.*, Case No. 1:18-cv-03841 (D. Md.); *Moore v. Marriott International, Inc.*, Case No. 8:18-cv-03848 (D. Md.); *Bittner v. Marriott, International, Inc.*, Case No. 1:18-cv-25243 (S.D. Fla.); *Mortensen v. Marriott International, Inc.*, Case No. 1:18-cv-11740; *Aigen v. Marriott International, Inc.*, Case No. 1:18-cv-25285 (S.D. Fla.); *Cottrell v. Marriott International, Inc.*, Case No. 8:18-cv-03892 (D. Md.); *Vapnek v. Marriott International, Inc.*, Case No. 1:18-cv-03889 (D. Md.); *Mendez v. Marriott International, Inc.*, Case No. 1:18-cv-25292 (S.D. Fla.); *Demarco v. Marriott International, Inc.*, Case No. 2:18-cv-10490 (C.D. Cal.); *Taylor v. Marriott International, Inc.*, Case No. 8:18-cv-03913 (D. Md.); *Golin v. Marriott International, Inc.*, Case No. 3:18-cv-02080 (D. Conn.); *Silver v. Marriott*

*International, Inc.*, Case No. 2:18-cv-10390 (C.D. Cal.); *Abdulmalik v. Marriott International, Inc.*, Case No. 8:18-cv-03933 (D. Md.); *Gates v. Marriott International, Inc.*, Case No. 8:18-cv-03956 (D. Md.); *Voll v. Marriott International, Inc.*, Case No. 8:18-cv-03958 (D. Md.); *Deloss v. Marriott International, Inc.*, Case No. 1:18-cv-03960 (D. Md.); *Madolora v. Marriott International, Inc.*, Case No. 8:18-cv-03961 (D. Md.); *Weinberg v. Marriott International, Inc.*, Case No. 8:18-cv-03966 (D. Md.); *Skinner v. Marriott International, Inc.*, Case No. 3:18-cv-02131 (D. Conn.).

5.      Two motions were filed with the Judicial Panel on Multidistrict Litigation to transfer the federal cases to a single forum for consolidated pretrial proceedings. *See In re: Marriott International, Inc. Data Breach Litigation*, MDL No. 2879 (Docket Nos. 1, 4). Both motions and all/most of the responses that were filed recommended consolidation in the United States District Court for the District of Maryland. If the Panel centralizes this litigation, this case (upon removal to federal court) will become a "tag-along" action that likely will be transferred as well.

## I.      Removal is timely.

6.      Although Plaintiff has not served Defendants with the Complaint and summons, Plaintiff filed this lawsuit on December 12, 2018 and Defendants obtained a copy on December 20, 2018. Defendants timely removed this action on January 4, 2019, within thirty (30) days of the receipt of the Complaint. 28 U.S.C. § 1446(b).

7.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## II.      This Court has original jurisdiction under 28 U.S.C. § 1332(d).

8.      This Court has original jurisdiction under the Class Action Fairness Act ("CAFA")

because this case: (i) involves a minimal diversity of citizenship among the parties; (ii) is a putative class action with over 100 proposed plaintiff class members; and (iii) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

### A.    Minimal diversity of citizenship exists.

9.      Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2)(A).

10.     Plaintiff is a resident of Maryland.  (Ex. A, ¶ 12.)  Although Plaintiff does not state how many class members he believes are in the class, he repeatedly alleges that the information of 500 million people may have been exposed. (*Id.*, ¶¶ 3, 25.)  Plaintiff purports to represent a nationwide class of "[a]ll persons in the United States whose Personal Information was accessed, compromised, or stolen from Marriott in the Data Breach" and a statewide subclass on behalf of "[a]ll persons in each of the following States or Territories whose Personal Information was accessed, compromised, or stolen from Marriott in the Data Breach: Alabama; Alaska; Arizona; Arkansas; California; Colorado; Connecticut; Delaware; District of Columbia; Florida; Georgia; Hawaii; Idaho; Illinois; Indiana; Iowa; Kansas; Kentucky; Louisiana; Maine; Maryland; Massachusetts; Michigan; Minnesota; Missouri; Montana; Nebraska; Nevada; New Hampshire; New Jersey; New Mexico; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Tennessee; Texas; Utah; Vermont; Virginia; Virgin Islands; Washington; West Virginia; Wisconsin; Wyoming." (*Id*, ¶¶ 35-36.) Thus, members of the class are located in all fifty states and several territories.

11.     Marriott International is a corporation organized under the laws of Delaware with its principal place of business in Maryland. CAFA provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or

foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Nathan v. Fry's Elecs., Inc.*, 607 Fed. App'x. 623, 623 (9th Cir. 2015) (finding under CAFA that a corporation is a citizen of its state of incorporation and state of principal place of business). Thus, Marriott International is a citizen of Delaware and Maryland.

12.     Starwood is a limited liability company organized under the laws of Maryland with its principal place of business in Maryland.  CAFA provides that an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 142 (D.D.C. 2015) (holding that under CAFA, a defendant limited liability company is a citizen of the state in which its principal place of business is located and the state under which laws the defendant was organized). Thus, Starwood is a citizen of Maryland.

13.     Because Marriott International, Starwood, and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Coll v. First Am. Title Ins. Co.*, 2008 U.S. Dist. LEXIS 112855, at *13 (D.N.M. Apr. 21, 2008) ("minimal diversity" under CAFA requires "only that one plaintiff class member be diverse from one defendant"), *aff'd in part, remanded in part on other grounds*, 642 F.3d 876 (10th Cir. 2011).

**B.     Plaintiffs allege a putative class with over 100 proposed members.**

14.     Plaintiff filed this case as a class action under Maryland Rule 2-231, a rule substantially similar to Federal Rule of Civil Procedure 23 that authorizes actions to be brought by one or more representative persons. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiffs allege that over 500 million customers were injured by the data breach and allege a nationwide class. (Ex. A, ¶¶ 3, 25,

35, 36.) Thus, the 100-person requirement in CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

        **C.**     **The CAFA amount in controversy is satisfied.**

     15.    The final requirement for CAFA jurisdiction – that the amount in controversy

exceed $5 million – is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

     16.    "[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.,*

*LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting S. Rep. No. 109-14, at 43 (2005)) ("CAFA's

'provisions should be read broadly, with a strong preference that interstate class actions should be

heard in a federal court if properly removed by any defendant.'"). "Evidence establishing the

amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the

defendant's allegation." *Id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). When the complaint is silent as

to the amount demanded, the burden is on the defendant to prove by a preponderance of the

evidence that the amount in controversy exceeds the required amount. *See, e.g.*, *Kroske v. U.S.*

*Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*,

116 F.3d 373, 376 (9th Cir. 1997)).

     17.    Courts may consider the combined total amount of alleged actual damages and

punitive damages. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both

actual and punitive damages are recoverable under a complaint each must be considered to the

extent claimed in determining jurisdictional amount."); *see also* 14AA Charles A. Wright & Arthur

R. Miller, Federal Practice and Procedures § 3704.2 (4th ed.) ("Thus, when CAFA applies, . . . the

total amount of the claimed punitive damages are to be applied to the statute's $5 million

jurisdictional amount requirement."). The amount in controversy also includes reasonable

attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp.*,

506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount in controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees.").

18.     Here, Plaintiff alleges that over 500 million of Defendants' customers over the past four years have been affected by the data breach. (Ex. A, ¶¶ 3, 25.)  Plaintiff seeks actual damages, costs, attorneys' fees, and any other relief the "Court deems just and proper."  (*Id.*, ¶ 116.)

19.     Thus, the amount in controversy element is satisfied in this case for purposes of CAFA jurisdiction, and solely for that purpose.[1]

**III.     Reservation of rights and denial of liability.**

20.     Nothing in this Notice is intended or should be construed as an express or implied admission by Defendants of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of Defendants' rights, claims, remedies and defenses in connection with this action.

21.     WHEREFORE, Defendants respectfully requests that the above-captioned action now pending in the Montgomery County Circuit Court be removed to this United States District Court for the District of Maryland.

---

[1] In filing this Notice of Removal, Defendants do not concede liability on any of the claims asserted in Plaintiff's Complaint, or that they are entitled to recover any damages.

Dated: January 4, 2019                    Respectfully submitted,

                                          /s/ Gilbert S. Keteltas
                                          Gilbert S. Keteltas
                                          Baker Hostetler LLP
                                          1050 Connecticut Ave. NW, Suite 1100
                                          Washington, DC 20036
                                          gketeltas@bakerlaw.com
                                          Ph: (202) 861-1530
                                          Fax: (202) 861-1783

                                          *Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Gilbert S. Keteltas, certify that on the 4th day of January, 2019, the foregoing ***Notice of***

***Removal***, was served via email and US Mail on the following:

Jay W. Eisenhofer
Kyle J. McGee
Michael D. Bell
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE
jeisenhofer@gelaw.com
kmcgee@gelaw.com
mbell@gelaw.com

Martin E. Wolf
Richard S. Gordon
Benjamin H. Carney
Gordon, Wolf & Carney, CHTD.
100 W. Pennsylvania Ave., Suite 100
Towson, MD 21204
mwolf@GWCfirm.com
rgordon@GWCfirm.com
bcarney@GWCfirm.com


*/s/ Gilbert S. Keteltas*
Gilbert S. Keteltas